# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER COOK** | **CIVIL ACTION** |
| Plaintiff | **NO.:** |
| **VERSUS** | **JUDGE:** |
| **UNITED PARCEL SERVICE, INC. AND LIBERTY MUTUAL FIRE INSURANCE COMPANY** | **MAG. JUDGE:** |
| | **JURY TRIAL** |
| Defendant | |

## NOTICE OF REMOVAL

**TO:** **WALTER COOK**
Through his attorney of record:
Gerald Wasserman, La. Bar No. 13253
Gerald Wasserman, L.L.C.
3939 N. Causeway Blvd., Suite 200
Metairie, LA 70002

**PLEASE TAKE NOTICE** that defendants, United Parcel Service, Inc. and Liberty Mutual Fire Insurance Company, through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal of the action entitled *Walter Cook v. United Parcel Service, Inc. and Liberty Mutual Fire Insurance Company,* Case No. 2022-5715, Div. C, on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana ("The State Court Action"), to the United States District Court for the Eastern District of Louisiana. In support of their Notice of Removal, defendants respectfully represent that:

### DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy

exceeding $75,000.00. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

2. Diversity jurisdiction is fixed at the time of removal. See *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 n.5 (5th Cir. 1990).

## DIVERSITY OF CITIZENSHIP

3. Defendants attach as Exhibit "A" a complete copy of the State Court Record (as of July 26, 2022).

4. On June 28, 2022, Walter Cook ("plaintiff") commenced the captioned action by filing The State Court Action in the Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiff named as defendants in the Petition: (1) United Parcel Service, Inc. ("UPS") and (2) Liberty Mutual Fire Insurance Company ("Liberty").[1]

5. In his Petition, plaintiff asserts that he is a "resident of the Parish of Orleans, State of Louisiana."[2] Accordingly, plaintiff is a citizen of the State of Louisiana for federal diversity jurisdiction removal purposes.

6. In his Petition, plaintiff correctly alleges that defendant, UPS, is a foreign corporation.[3] In fact, UPS is a foreign corporation with its state of incorporation in the State of Ohio and its principal place of business in the State of Georgia. It follows that UPS is a citizen of the State of Ohio and the State of Georgia for federal diversity jurisdiction removal purposes.

7. In his Petition, plaintiff correctly alleges that defendant, Liberty, is a foreign insurer.[4] In fact, Liberty is a foreign corporation with its state of incorporation and its principal place of business in the State of Massachusetts. It follows that Liberty is a citizen of the State of Massachusetts for federal diversity jurisdiction removal purposes.

---

[1] *See* Exhibit "A": Petition for Damages within the state court record.
[2] *Id* at introductory paragraph.
[3] *Id*. at ¶ 1.
[4] *Id*. at ¶ 2.

8. Accordingly, complete diversity of citizenship existed between plaintiff and all defendants on the date of filing of this lawsuit and exists as of the date of this removal.

## AMOUNT IN CONTROVERSY

9. In his Petition, plaintiff alleges to have sustained injuries from a motor vehicle accident on June 18, 2022.[5]

10. More specifically, plaintiff alleges that he was a guest passenger in a 2002 Buick Rendezvous proceeding down Chef Menteur Highway in New Orleans, Louisiana when his vehicle was struck on the passenger side by a semi-trailer truck owned and operated by UPS.[6]

11. Plaintiff alleges that the accident was caused through the sole negligence of defendant, UPS, under the doctrine of *respondeat superior*.[7]

12. Plaintiff further alleges that Liberty issued a policy of insurance to UPS which was in full force and effect at the time of the subject incident.[8]

13. Plaintiff asserts that he sustained "severe and disabling injuries which has required ongoing treatment."[9]

14. Plaintiff itemizes his damages as "past, present, and future pain, suffering, and mental anguish…as a result of the severe and disabling injuries sustained"[10] and "past, present, and future medical expenses and related costs."[11]

15. In addition, on July 22, 2022, counsel for plaintiff confirmed in writing that the amount in controversy was at least $75,000.00.[12]

---

[5] *Id.* at ¶ 4.
[6] *Id.* at ¶ 3.
[7] *Id.* at ¶ 5.
[8] *Id.* at ¶ 2.
[9] *Id.* at ¶ 4.
[10] *Id.* at ¶ 6(a).
[11] *Id.* at ¶ 6(b).
[12] *See* Exhibit "B": E-mail correspondences dated July 22, 2022 between Louis P. Bonnaffons and Galynn Mejia regarding the amount in controversy attached *in globo*.

16. All parties have agreed that plaintiff's damages exceed the jurisdictional amount necessary for a trial by jury and diversity jurisdiction.[13]

17. Accordingly, it is facially apparent that the amount in controversy herein exceeds $75,000.00, exclusive of interests and costs.

## SERVICE AND TIMELINESS

18. As this matter is being removed within 30 days of service upon defendants, this Notice of Removal is timely sought. Each defendant has 30 days from service to seek removal to federal jurisdiction under 28 U.S.C. section 1446(b)(2)(B). See *First Choice Surgery Cntr. Of Baton Rouge, LLC v. United Healthcare Services, Inc.*, 2012 U.S. Dist. LEXIS 106626, *7-8 (M.D.La. July 30, 2012); citing *Brown v. S.L. Netterville Logging, Inc.*, 2009 U.S. Dist. LEXIS 54233, *3 (M.D.La. June 26, 2009); *Backes v. Colonial Life & Accident Ins. Co.*, 2006 U.S. Dist. LEXIS 15501, *2 (E.D.La. April 4, 2006); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D.La. 2001); *Manuel v. Unum Life Ins. Co. of Am.*, 932 F.Supp. 784, 785 (W.D.La. 1996); *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811, 812-13 (W.D.La. 1983).

19. According to the State Court Record, the court has not received proof of service on any of the named defendants.[14]

20. Accordingly, this removal is being filed within thirty days of receipt of the initial pleadings.

## REMOVAL PROCEDURE

21. A copy of this Notice of Removal is being served upon plaintiff.

---

[13] *Id.*
[14] *See* Exhibit "A."

22. A copy of the Notice to the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, which has been filed in that Court, is attached hereto as Exhibit "C."

23. In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all defendants properly joined and served" have consented in the removal of this action.

24. Defendants will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

25. Defendants reserve and maintain their rights to assert any defenses and submit any motions in response to the Petition, including but not limited to those defenses and motions specifically and enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

**WHEREFORE**, defendants, United Parcel Service, Inc. and Liberty Mutual Fire Insurance Company, hereby provide notice that this action is duly removed.

Respectfully submitted,

*/s/LOUIS P. BONNAFFONS*
LOUIS P. BONNAFFONS, #21488 (T.A.)
ROBERT L. BONNAFFONS, #18564
MISHA M. LOGAN-JOHNSON, #36552
STEFINI W. SALLES, #25857
PALVIN S. JHITA, #37740
Leake & Andersson LLP
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel: 504-585-7500   Fax: 504-585-7775
Email:  lbonnaffons@leakeandersson.com
  rbonnaffons@leakeandersson.com
  mlogan@leakeandersson.com
  ssalles@leakeandersson.com
  pjhita@leakeandersson.com
Attorneys for Defendants, United Parcel Service, Inc. and Liberty Mutual Fire Insurance Company

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, or by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by hand delivery, or by e-mail or by facsimile transmission, on **July 27, 2022**.

                                           /s/ *LOUIS P. BONNAFFONS*